IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAUL SALINAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 2:18-CV-294 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# ORDER

The Court is in receipt of Respondent's Motion for Summary Judgment, Dkt. No 8; State Court Records submitted by Respondent, Dkt. Nos. 9 and 10; Petitioner's Response to Respondent's Motion for Summary Judgment, Dkt. No. 12; the Magistrate Judge's Memorandum and Recommendation ("M&R"), Dkt. No. 13; Petitioner's objections to the M&R, Dkt. No. 15; and Petitioner's Response to Respondent's motion for summary judgment, Dkt. No. 16.

The Court reviews objected-to portions of the Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). Petitioner objects to the M&R's failure to address his confinement in administrative segregation, Dkt. No. 15. While Petitioner, in his petition for writ of habeas corpus, mentions on three separate occasions that he was placed in administrative segregation,[1] the only relief that he requests is "the reinstatement of my earning line class, the expunging of the disciplinary from my disciplinary hearing [and] no further retaliation or fabrication of evidence to wrongful administer a miscarriage of justice." Dkt. No. 1. It is therefore not clear from the petition that Petitioner is seeking redress for his

---

[1] The three occasions are as follows: (1) "Loss line class placement under Ad Seg Plan custody. loss [*sic*] of good time earned." Dkt. No. 1 at 2; (2) "S3 to L1 custody minimum custody transferred to Ad Seg Plan custody, loss of time earning status of S3, loss of good time earned." *Id*. at 5; and (3) "Placing me in Ad Seg plan custody G-5 loss of time earning Good time and status." *Id*. at 6.

1 / 2

confinement in administrative segregation.[2]  Nevertheless, to the extent that Petitioner may have intended to raise claims regarding his housing in administrative segregation, the Court finds that his argument has no merit.  The Fifth Circuit has held that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest.  *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *see also Johnson v. Thaler*, No. 2:12-CV-215, 2013 WL 271444, at *2 (N.D. Tex. 2013) ("[P]etitioner's confinement in solitary confinement or administrative segregation is not redresible in federal habeas corpus.").

After independently reviewing the record and applicable law, the Court **ADOPTS** the M&R, Dkt. No. 13.  Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment, Dkt. No. 8.  The Court **DISMISSES** the above-captioned case and **DENIES** Petitioner a Certificate of Appealability.

Final Judgment will be entered separately.

SIGNED this 21st day of June 2019.

_____
Hilda Tagle
Senior United States District Judge

---

[2] The Respondent did not address this argument in its motion for summary judgment.  Dkt. No. 8.